No. 04-542

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 167

_____

STATE OF MONTANA,
CITY OF HELENA,

        Plaintiff and Respondent,

  v.

RICHARD ALFRED WEITZEL,

        Defendant and Appellant.

_____

APPEAL FROM:    District Court of the First Judicial District,
                   In and for the County of Lewis and Clark, Cause No. CDC 2003-89
                   The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Wendy Holton, Attorney at Law, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Carol E. Schmidt, Assistant
            Attorney General, Helena, Montana

            Robert J. Wood, City Prosecutor, Helena, Montana

_____

                   Submitted on Briefs:  September 7, 2005
                              Decided:  July 21, 2006

Filed:

      _____
                      Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Richard Alfred Weitzel (Weitzel) appeals his conviction in the First Judicial District Court, Lewis and Clark County, for driving with an alcohol concentration of .10 or more (DUI Per Se) under ' 61-8-406(a), MCA (2001).  We affirm.

¶2     Weitzel claims that his conviction of DUI Per Se must be reversed because the City failed to present sufficient proof that his blood alcohol concentration (BAC) was .10 or more while driving.  He argues that the test administered to determine his BAC, as defined by § 61-8-407, MCA, should not have been admitted into evidence, both because it was unreliable and because it was administered fifty-one minutes after he stopped driving.

¶3     On the evening of October 18, 2002, Helena Police Officer Cory Livesay (Livesay) observed two motorcycles that he thought were exceeding the speed limit.  Livesay stopped Weitzel, smelled the odor of an alcoholic beverage, and observed Weitzel's eyes as bloodshot and glossy.  Weitzel initially denied drinking, but later admitted consuming one beer.  Livesay administered field sobriety tests, and Weitzel unsatisfactorily performed the one-leg stand and the walk and turn tests.  A portable breath test administered at the scene also detected alcohol.  Livesay arrested Weitzel for driving under the influence (DUI).

¶4     At the detention center, Livesay waited fifteen minutes before asking Weitzel to submit to a breath test.  The test, using an Intoxilyzer 5000 machine (Intoxilyzer) regularly used by the City for such purpose, was administered fifty-one minutes after Weitzel was stopped.  The test indicated that Weitzel's BAC was .129.  Weitzel was

charged with DUI, DUI Per Se, and Speeding.

¶5 Following his conviction in Helena City Court of DUI Per Se and Speeding, Weitzel appealed to the District Court. A District Court jury again convicted Weitzel of DUI Per Se and Speeding. At the trial, Officer Debora Drynan (Drynan) testified on cross-examination that the Intoxilyzer assumes a breath temperature of 34E Celsius, and she knew neither Weitzel's breath nor his body temperature at the time he was tested. Drynan also agreed that a person's BAC will rise for a period after drinking, the amount of food in a person's stomach can affect alcohol absorption, and she did not know what or when Weitzel ate prior to the stop. She also testified that, once alcohol is introduced into the system, approximately .015 grams of alcohol per 210 liters of breath will be metabolized by the body every hour.

¶6 Livesay testified that nothing in terms of the environment of the test or Weitzel's condition affected the test results. According to Livesay, a BAC of .129 was consistent with his observations of Weitzel. He also said fifty-one minutes is an average time for processing. Livesay also testified that the rate at which a person metabolizes alcohol can depend on gender, body size, and whether the person ate. Livesay did not know when Weitzel last ate before he was stopped. Finally, Livesay agreed that, at the time of the test, he did not know whether Weitzel's BAC was rising or falling.

¶7 In reviewing a criminal matter, this Court reviews a question concerning the sufficiency of the evidence to determine whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Weigand*, 2005 MT 201, & 7,

3

328 Mont. 198, & 7, 119 P.3d 74, & 7.

¶8 Weitzel argues that the City failed to prove that his BAC was .10 or greater while he was driving. He first notes that the test occurred fifty-one minutes after the stop, and the State made no attempt to extrapolate this result to his BAC while he was driving fifty-one minutes earlier. Weitzel posits that it is unknown whether his BAC was rising or falling at the time of the test, and his BAC may have been lower while driving.

¶9 Weitzel goes on to claim that the BAC test result should not have been admitted into evidence because of the 10% margin of error allowed in the weekly calibration test of the Intoxilyzer. Also, Weitzel claims the evidence of the Intoxilyzer test should be excluded because the machine assumes a breath temperature of 34E Celsius, and his breath temperature was not measured.

¶10 Additionally, Weitzel complains that the Intoxilyzer assumes a blood/breath ratio of 2100 to 1, and this ratio varies between people. Finally, Weitzel argues that the Intoxalyzer evidence should have been excluded because the rate at which a person metabolizes alcohol depends on multiple factors including eating, and the State introduced no information regarding Weitzel's eating.

¶11 Section 61-8-406(1)(a), MCA (2001), provided as follows:

(1) It is unlawful and punishable as provided in 61-8-442, 61-8-722, 61-8-723, and 61-8-731 through 61-8-734 for any person to drive or be in actual physical control of:
(a) a noncommercial vehicle upon the ways of this state open to the public while the person=s alcohol concentration, as shown by analysis of the person=s blood, breath, or urine, is 0.10 or more.

¶12 The current statute is identical, except the unlawful BAC is now 0.08. *See* ' 61-8-

406(1)(a), MCA (2005).

¶13 We recently addressed the question of whether the results of an Intoxalyzer test of a person's breath administered 50 minutes after the person was arrested constituted evidence of a person's BAC at the time he was driving. *State v. McGowan*, 2006 MT 163, ¶ 6, 332 Mont. 490, ¶ 6, ___ P.3d ___, ¶ 6. In *McGowan*, we agreed with the courts of those States which have determined that it was not necessary to prove through retrograde extrapolation evidence what a person's BAC was at the time he was driving. *McGowan*, ¶ 21.

¶14 The legislature explicitly allows for the admissibility of breath tests in DUI Per Se proceedings. Section 61-8-404(1)(a), MCA. In this case, the State was entitled to introduce the results of the Intoxalyzer test administered fifty-one minutes later as evidence that Weitzel was driving with a BAC of .10 or more. Weitzel was also entitled to introduce evidence of the machine's weaknesses, which he did through cross-examination of the State's witnesses. He was thus able to argue that there was a reasonable doubt as to his guilt, which he did. However, we conclude that the points raised by Weitzel go to the weight of the test evidence, not the admissibility of the test results. *See State v. Damon*, 2005 MT 218, ¶ 24, 328 Mont. 276, ¶ 24, 119 P.3d 1194, ¶ 24 (questions raised by defendant of whether specific field conditions or protocols rendered results of Alco-Sensor III unreliable went to weight, rather than admissibility, of evidence).

¶15 Section 61-8-406(1)(a), MCA, requires an analysis of a person's blood, breath, or urine before the prosecution can establish a violation of the statute. In this instance, the

5

City presented additional evidence tending to verify the test results.  In its case against Weitzel the City presented the circumstantial evidence that Livesay smelled the odor of an alcoholic beverage when he stopped Weitzel, he observed Weitzel's eyes as bloodshot and glossy, and he observed clues indicating alcohol intoxication when Weitzel failed to satisfactorily perform field sobriety tests.  Further, Weitzel admitted to having ingested some alcohol, and a portable breath test also detected the presence of alcohol in his breath.  Officer Livesay testified without objection that a BAC of .129 was consistent with his observations of Weitzel.

¶16   Considering the results of the Intoxilyzer breath test, along with the other evidence, we conclude that the City presented sufficient evidence to convict Weitzel of DUI Per Se.

¶17   Affirmed.

/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE



Justice James C. Nelson dissents.

¶18   I dissent for the same reasons that I dissented in *State v. McGowan,* 2006 MT 163, ¶¶ 24-45, 332 Mont. 490, ¶¶ 24-45, _____ P.3d _____, ¶¶ 24-45.  This is simply another of this Court's result-oriented decisions reached by reading language into a statute that

was omitted by the Legislature.   That this practice violates not only the blackletter law—

§ 1-2-101, MCA—but legions of cases too numerous to cite,[1] appears to no longer have

any deterrent effect.

¶19     I dissent.


/S/ JAMES C. NELSON

---

[1] *See, for example*, *City of Billings v. Gonzales,* 2006 MT 24, ¶ 8, 331 Mont. 71, ¶ 8, 128 P.3d 1014, ¶ 8 ("When interpreting a statute, we seek to implement the objectives the legislature sought to achieve, and if the legislative intent can be determined from the plain language of the statute, the plain language controls. . . .  It is blackletter law that in the construction of a statute, the office of a judge is simply to ascertain and declare what is in terms or in substance contained therein, not to omit what has been inserted or insert what has been omitted.  Section 1-2-101, MCA.") (internal citation omitted).

Justice Patricia O. Cotter dissents.

¶20 I too dissent, for the reasons set forth in the dissent in *McGowan.* I write separately to express an additional concern. The DUI *per se* law, § 61-8-406, MCA, is an absolute liability statute. Section 61-8-406(2), MCA. It does not by its terms call for or require any evidence of intoxication other than the test result itself, in order for a conviction to be obtained. While § 61-8-404, MCA, does provide that "other competent evidence" bearing on the question of intoxication is not prohibited in such cases, the DUI *per se* statute does not require such evidence—it requires only a numerical value. This difference between the level of proof required in DUI and DUI *per se* cases is underscored by § 61-8-404(1)(a), MCA, which provides that a person may not be convicted of a violation of § 61-8-401, MCA (the DUI law) without other competent evidence—in addition to any evidence of a measured amount of alcohol—tending to establish that the person was under the influence while driving.

¶21 The Court has seen fit to insert into its Opinion here and in *McGowan,* other "non-test result" evidence tending to establish that the driver was intoxicated, even though the *per se* statute does not require it. If it is the intent of the police, the prosecutors and the courts to require the same level of proof in DUI and DUI *per se* cases, then I submit that the statutes should be amended to either specify that such proof is required in each situation, or to eliminate as superfluous absolute liability *per se* violations altogether. As it now stands, the language of the respective statutes simply does not support the forced constructions we are supplying.

8

¶22    For these additional reasons, I dissent.


                                             /S/ PATRICIA COTTER