JUSTICE NELSON
dissents.
¶18 I dissent for the same reasons that I dissented in State v. McGowan, 2006 MT 163, ¶¶ 24-45, 332 Mont. 490, ¶¶ 24-45, 139 P.3d *527 841, ¶¶ 24-45. This is simply another of this Court’s result-oriented decisions reached by reading language into a statute that was omitted by the Legislature. That this practice violates not only the blackletter law-§ 1-2-101, MCA-but legions of cases too numerous to cite,[1] appears to no longer have any deterrent effect.
¶19 I dissent.

 See, for example, City of Billings v. Gonzales, 2006 MT 24, ¶ 8, 331 Mont. 71, ¶ 8, 128 P.3d 1014, ¶ 8 (“When interpreting a statute, we seek to implement the objectives the legislature sought to achieve, and if the legislative intent can be determined from the plain language of the statute, the plain language controls. ... It is blackletter law that in the construction of a statute, the office of a judge is simply to ascertain and declare what is in terms or in substance contained therein, not to omit what has been inserted or insert what has been omitted. Section 1-2-101, MCA.”) (internal citation omitted).