No. 05-562

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 276N

CITY OF HELENA,

        Plaintiff and Respondent,

   v.

CRAIG WINTERBURN,

        Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                     In and For the County of Lewis and Clark, Cause No. BDC-2004-204
                     Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Wendy Holton, Attorney at Law, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Carol E. Schmidt,
            Assistant Attorney General, Helena, Montana

            Robert J. Wood, City Prosecutor, Helena, Montana

Submitted on Briefs:  September 7, 2006

Decided:  October 24, 2006

Filed:

_____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Craig Winterburn was convicted in Helena City Court of the misdemeanor offenses of operating a motor vehicle with a blood alcohol concentration (BAC) of .08 or more, possession of dangerous drugs, and possession of drug paraphernalia.  He appealed to the First Judicial District Court, Lewis and Clark County, which held a bench trial.  After trial, the District Court convicted Winterburn of operating a motor vehicle with a BAC of .08 or more.  The court entered judgment and sentence on that conviction, and dismissed the appeal regarding the drug and drug paraphernalia convictions pursuant to Winterburn's request. Winterburn appeals.

¶3     Winterburn first asserts the District Court erred in denying his pretrial motion to dismiss.  He concedes the arresting officer read the Montana Department of Justice implied consent advisory form (advisory) to him before he took an Intoxilyzer 5000 breath test. Winterburn contends, however, that he told the officer he did not understand the advisory and the officer discussed only certain portions of the advisory, without explaining the right to an independent blood test.  The District Court observed that the record established the officer

2

informed Winterburn of the right to an independent blood test as part of the advisory. It reasoned that, Winterburn's stated confusion having centered on whether refusing to take the test would automatically make him guilty, the officer accurately responded to Winterburn's specific questions in that respect.

¶4     Winterburn also asserts that the evidence was insufficient to support his conviction as a matter of law because the Intoxilyzer 5000 test occurred approximately 43 minutes after the officer stopped his vehicle. He contrasts § 61-8-406, MCA, the statute defining the offense of which he was convicted, with § 61-8-401, MCA, which defines the offense of driving under the influence and provides for testing "within a reasonable time." He also advances cases from other jurisdictions. On these bases, Winterburn asserts evidence of impairment—other than the breath test result—does not support an element of the offense of operating a motor vehicle with a BAC of .08 or greater. He also contends the prosecution did not meet its burden of proof because it did not introduce evidence necessary to establish, through retrograde extrapolation, his BAC at the time he was driving.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that Winterburn's appeal is without merit because the issues are clearly controlled by settled Montana law that the District Court correctly interpreted.

¶6     Affirmed.

3

/S/ KARLA M. GRAY

We concur:

/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

Justice James C. Nelson concurs.

¶7 I concur in the result of the Court's Opinion. However I do not concur in the analysis at ¶ 4. *See State v. McGowan,* 2006 MT 163, ¶¶ 24-45, 332 Mont 490, ¶¶ 24-45, 139 P.3d 841, ¶¶ 24-45 (Nelson, J., dissenting); *State v. Weitzel,* 2006 MT 167, ¶ 18, 332 Mont. 523, ¶ 18, 140 P.3d 1062, ¶ 18 (Nelson, J., dissenting).

/S/ JAMES C. NELSON