No. 05-563

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 94

_____

STATE OF MONTANA,

          Plaintiff and Respondent,

    v.

CHAD PRESTON VINCENT,

          Defendant and Appellant.

_____

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark, Cause No. BDC 2005-110,
The Honorable Jeffrey Sherlock, Presiding Judge.


COUNSEL OF RECORD:

        For Appellant:

            Palmer A. Hoovestal, Hoovestal Law Firm, PLLC, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            Leo J. Gallagher, County Attorney; Melissa Broch, Deputy County
Attorney, Helena, Montana

_____

Submitted on Briefs:  July 26, 2006

Decided:  April 3, 2007

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Chad Preston Vincent (Vincent) appeals an order of the First Judicial District Court, Lewis & Clark County, affirming his conviction in the Lewis and Clark County Justice Court for the offense of driving under the influence of an intoxicating substance. We affirm.

¶2 The issue on appeal is whether the District Court erred in affirming the Justice Court's denial of Vincent's motion for judgment of acquittal at the close of the State's evidence.

¶3 On September 16, 2004, a Lewis and Clark County Sheriff's deputy stopped Vincent and subsequently cited him for driving under the influence of alcohol or drugs (DUI), second offense. Vincent made an initial appearance in Justice Court the next day. A week later, he entered a plea of not guilty. On November 24, 2004, at the omnibus hearing, Vincent requested a bench trial before the Justice Court, the State did not object and a trial before the Justice of the Peace was ordered. The Lewis and Clark County Commissioners have designated the Justice Court as a court of record under § 3-10-101(5), MCA. On December 15, 2004, Vincent filed a written motion to suppress the evidence against him based on the lack of a particularized suspicion for the officer to stop and question him. Vincent's motion indicated that a supporting brief would be filed within five days as required by Rule 6(c), Montana Uniform Rules for the Justice and City Courts (MURJCC). However, no brief was filed.

¶4 On January 19, 2005, the Justice Court entered an order denying Vincent's motion to suppress based on Rule 6(c), MURJCC. Rule 6(c) provides in relevant part: "Failure

2

to file a brief within five days by the moving party shall be deemed an admission that the motion is without merit." Rule 6(a), MURJCC, makes clear that the Rule applies to criminal as well as civil cases.

¶5 The trial was held February 11, 2005. At the close of the State's case, Vincent made a motion for judgment of acquittal due to insufficiency of the evidence. The Justice Court denied Vincent's motion and found him guilty of DUI. Vincent appealed to the District Court. The District Court affirmed the judgment of the Justice Court. This appeal followed.

¶6 In an appeal from a justice court established as a court of record, the district court functions as an appellate court and the appeal is confined to a review of the record and questions of law. Section 3-10-115, MCA. Both the district court and this Court review the justice court's factual findings for clear error and its legal conclusions for correctness. *Stanley v. Lemire*, 2006 MT 304, ¶ 25, 334 Mont. 489, ¶ 25, 148 P.3d 643, ¶ 25 (quoting *City of Billings v. Costa*, 2006 MT 181, ¶ 7, 333 Mont. 84, ¶ 7, 140 P.3d 1070, ¶ 7).

¶7 The State's evidence at trial consisted primarily of the testimony of the arresting officer. Vincent argues that because the arresting officer did not have particularized suspicion to stop him, all of the officer's testimony was inadmissible at trial. Therefore, Vincent argues, the officer's testimony concerning Vincent's intoxicated condition could not be considered by the Justice of the Peace acting as the finder of fact under § 46-16-403, MCA. Thus, when the officer's testimony is excluded, there is insufficient evidence to convict him.

3

¶8 The State responds by arguing that because Vincent conceded that his pre-trial suppression motion based on lack of particularized suspicion was without merit, he was precluded from raising this same argument in support of a motion for judgment of acquittal. The State also argues that by waiting to reassert the defense that the officer did not have the required particularized suspicion to stop him until the close of its case in chief, such defense was waived pursuant to § 46-13-101, MCA.

¶9 As noted above in ¶ 4, Rule 6(c), MURJCC, specifically says that failure of the moving party to file a brief in support of a motion within five days shall be deemed an admission that the motion is without merit. We will not fault a Justice Court where, as here, it follows a mandatory requirement of applicable rules. The Justice Court did not err in denying Vincent's motion to suppress.

¶10 Vincent's motion for a judgment of acquittal on the grounds that the arresting officer lacked the required particularized suspicion to stop him is precluded by § 46-13-101, MCA. Section 46-13-101, MCA, provides in relevant part:

> (1) Except for good cause shown, any defense, objection, or request that is capable of determination without trial of the general issue must be raised at or before the omnibus hearing unless otherwise provided by Title 46.
> (2) Failure of a party to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court, constitutes a waiver of the defense, objection, or request.

¶11 The issue of whether particularized suspicion existed to stop Vincent is capable of determination without trial of the general issue of whether he is guilty of DUI. Therefore, § 46-13-101, MCA, mandates that such a defense be brought at or before the omnibus hearing, or, at the latest, by a subsequent date ordered by the court. The

4

consequence for failure to do so is clear: "[a] party's failure to raise matters which are capable of determination without trial and required to be raised at or before the omnibus hearing constitutes a waiver." *State v. VonBergen*, 2003 MT 265, ¶ 11, 317 Mont. 445, ¶ 11, 77 P.3d 537, ¶ 11 (quoting *State v. Griffing*, 1998 MT 75, ¶ 10, 288 Mont. 213, ¶ 10, 955 P.2d 1388, ¶ 10).

¶12    When Vincent made his motion at the end of the State's case, it was too late to seek a judgment of acquittal based on a defense that could have been made before trial. The District Court did not err in affirming the judgment of the Justice Court.

¶13    Affirmed.

/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON