DA 07-0653

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 333

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

KURT KUMMERFELDT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventeenth Judicial District,
In and For the County of Valley, Cause No. DC-2007-100
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Peter L. Helland, Helland Law Firm, PLLC, Glasgow, Montana

      For Appellee:

          Hon. Mike McGrath, Montana Attorney General, David Ole Olson,
Assistant Attorney General, Helena, Montana

          Ken Oster, Valley County Attorney, Glasgow, Montana

          Submitted on Briefs:  September 3, 2008

                  Decided:  October 6, 2008

Filed:

                           Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Kurt Kummerfeldt (Kummerfeldt) was convicted of operating a motor vehicle with an alcohol concentration in excess of .08 in violation of § 61-8-406, MCA, the "DUI per se" statute (the per se statute). He challenges his conviction on the ground that four hours elapsed between the time he operated his vehicle and the time his blood was drawn for purposes of determining his blood alcohol concentration (BAC). He asserts that this was an unreasonable amount of time. We affirm.

## ISSUE

¶2     The dispositive issue on appeal is:

¶3     Did the District Court improperly deny Kummerfeldt's motion for a judgment of acquittal on the grounds that the State failed to present sufficient evidence to convict him of DUI per se because the four-hour delay between his act of driving and the BAC test was unreasonable?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4     On April 30, 2006, at approximately 9:30 p.m., Kummerfeldt was involved in a one-car accident outside of Nashua, Montana. During the accident, he struck his head and claims he has no memory of the time from 9:30 until 10:45 p.m. when a passing motorist discovered the accident and called 911. A Valley County deputy sheriff was dispatched and arrived on the scene at 11:11 p.m. At approximately 12:10 a.m., a Montana Highway Patrol trooper arrived to investigate. By that time, Kummerfeldt had been transported to the hospital. The Valley County deputy did not conduct field sobriety tests at the scene. After investigating the scene, where numerous beer cans were

2

discovered, the trooper traveled to the hospital to interview Kummerfeldt. At 1:20 a.m., he read Kummerfeldt the implied consent advisory and had Kummerfeldt's blood drawn for a BAC. Kummerfeldt's BAC was 0.14%.

¶5 Following a bench trial in Justice Court, Kummerfeldt was convicted of DUI. He appealed to the District Court and a jury trial was held. Following the State's case-in-chief, Kummerfeldt moved for a judgment of acquittal on the grounds that the State failed to present sufficient evidence to convict him under the DUI per se statute. He based his argument on the fact that four hours had elapsed between the time of his driving and the time of his blood test. The District Court denied the motion and Kummerfeldt was found guilty. He now appeals.

## STANDARD OF REVIEW

¶6 As we explained in *State v. McWilliams*, 2008 MT 59, ¶¶ 36-37, 341 Mont. 517, ¶¶ 36-37, 178 P.3d 121, ¶¶ 36-37, a motion for a judgment of acquittal constitutes a motion to dismiss for insufficient evidence pursuant to § 46-16-403, MCA. We review the denial of such motions de novo. *McWilliams*, ¶ 37.

## DISCUSSION

¶7 *Did the District Court improperly deny Kummerfeldt's motion for a judgment of acquittal on the grounds that the State failed to present sufficient evidence to convict him of DUI per se because the four-hour delay between his act of driving and the BAC test was unreasonable?*

¶8 After the State closed its case-in-chief and the jury was in recess, Kummerfeldt moved for a judgment of acquittal. He argued that the State had failed to prove that his BAC was .08 or more *at the time* he was driving and that under *State v. McGowan*, 2006

3

MT 163, 332 Mont. 490, 139 P.3d 841, four hours was not reasonable. Kummerfeldt, without authority, argued to the District Court that a determination of what is a "reasonable time" between driving and testing was a legal question for the court the determine.

¶9    In *McGowan*, we held that tests to determine alcohol concentration administered within fifty minutes after McGowan stopped driving were reasonable and that such tests "administered within a reasonable amount of time after the alleged act are . . . consistent with the DUI per se statute." *McGowan*, ¶ 17. In denying Kummerfeldt's motion for judgment of acquittal, the District Court noted that *McGowan* did not define "within a reasonable time," nor has the Legislature taken action to declare public policy on the issue. It stated that Kummerfeldt had stipulated to the entry of the BAC report which informed the jury that four hours after the accident he had a BAC of .14. The court expressly ruled that Kummerfeldt could argue to the jury that the alcohol concentration test was not performed within a reasonable amount of time and as a result the State failed to prove an element of the crime. However, the court denied Kummerfeldt's motion, stating that a determination of the "reasonableness" of the time was an issue for the jury to decide.

¶10    On appeal, Kummerfeldt argues that the four-hour lapse of time between his act of driving and the drawing of his blood was unreasonable; therefore, the BAC results cannot constitute sufficient evidence of DUI under the per se statute without other evidence tending to show his alcohol concentration level at the time he drove. He argues that the maximum delay recognized as reasonable in Montana is fifty minutes under the DUI per

se statute and three hours in a DUI case. See *McGowan,* ¶ 9, and *State v. Hamilton*, 2002 MT 263, ¶ 12, 312 Mont. 249, ¶ 12, 59 P.3d 387, ¶ 12, respectively.

¶11 He further argues that *Hamilton* is distinguishable on the ground that it did not involve a DUI per se charge; therefore, the "reasonable time" determination in that case is inapplicable here. He maintains, therefore, that four hours is not reasonable and that the long delay disconnected any relationship between his blood alcohol level and his driving. Lastly, he urges us to conclude that the District Court erred by leaving the determination of what constitutes a reasonable amount of delay to the jury.

¶12 The State points out that evidence at the scene observed by the Montana State trooper included an 18-pack of beer, some of which appeared to have been opened by hand and others which may have been punctured during the accident. It also maintains that several hours after the accident, the trooper detected alcohol on Kummerfeldt's breath and noted his eyes were bloodshot. Additionally, the State notes that Kummerfeldt admitted that he had been drinking earlier in the day and that he had had nothing to drink after the accident occurred.

¶13 The State also argues that Kummerfeldt waived his right to raise the unreasonable delay argument on appeal. Relying on § 46-13-101, MCA, and *State v. Vincent*, 2007 MT 94, ¶ 11, 337 Mont. 87, ¶ 11, 155 P.3d 1292, ¶ 11, the State argues that because Kummerfeldt stipulated to the admissibility of the BAC result prior to trial, he waived his opportunity to argue that the judge should have decided, as a matter of law, whether the lapsed time was reasonable. Additionally, it argues that Kummerfeldt, like Vincent, did not challenge the admissibility of evidence until the close of the State's case-in-chief.

Therefore, as we did in *Vincent*, the State urges us to hold that Kummerfeldt's failure to bring this argument at or before the omnibus hearing or the latest date ordered by the District Court, resulted in a waiver.

¶14 Section 46-13-101, MCA, requires that certain pretrial motions and notices must be raised at or before the omnibus hearing held during the criminal proceeding. In relevant part, it provides:

> (1) Except for good cause shown, any defense, objection, or request that is capable of determination without trial of the general issue must be raised at or before the omnibus hearing unless otherwise provided by Title 46.
> (2) Failure of a party to raise defenses or objections or to make requests that must be made prior to trial, at the time set by the court, constitutes a waiver of the defense, objection, or request.

¶15 As noted by the State, we addressed this provision in *Vincent*. Vincent was arrested for DUI. At an omnibus hearing, he requested a bench trial. Before trial he filed a motion to suppress the State's evidence based on lack of particularized suspicion but he failed to submit a timely brief. His motion was deemed to be without merit. At trial, after the State's case-in-chief, he moved for acquittal due to insufficient evidence. The court denied the motion. On appeal, we held that "[t]he issue of whether particularized suspicion existed to stop Vincent is capable of determination without trial of the general issue of whether he is guilty of DUI." Therefore, under § 46-13-101, MCA, he should have brought such a defense before the omnibus hearing or the latest date ordered by the court and failing to do so, he waived it. *Vincent*, ¶ 11.

¶16 The same rationale is applicable here. An Omnibus Hearing was held on August 2, 2007. Kummerfeldt did not ask the court to determine, as a matter of law, that the

6

four-hour delay was unreasonable. This argument was potentially dispositive of the matter before the court, and in that it was "capable of determination without trial of the general issue," per § 46-13-101(1), MCA, it "must" be raised at or before the omnibus hearing. Under *Vincent* and § 46-13-101(2), MCA, his failure to do so constituted a waiver of this legal issue.

¶17 Moreover, Kummerfeldt not only failed to raise his objection to the report before or at the omnibus hearing, he subsequently stipulated to the report's admission into evidence. We note, as well, that the court specifically asked Kummerfeldt's counsel during trial whether the BAC report was stipulated for admission and whether such stipulation was "a matter of trial strategy." Counsel replied in the affirmative.

¶18 Under these circumstances, we conclude that Kummerfeldt waived his right to argue that the court should determine as a matter of law what constitutes a "reasonable time" between a person's act of driving and his or her blood test for purposes of determining BAC. Based on this waiver and his stipulation, the District Court did not improperly deny his motion for a judgment of acquittal.

¶19 As this case is resolved on Kummerfeldt's waiver and stipulation, we decline to address whether the determination of "reasonable time" under the DUI per se statute is a question of fact for the fact-finder or a question of law for the court.

## CONCLUSION

¶20 For the foregoing reasons, we affirm the District Court's denial of Kummerfeldt's motion for judgment of acquittal.

7

/S/ PATRICIA COTTER


We concur:


/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE