# FILED

October 16 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0007

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 346

STATE OF MONTANA,

   Plaintiff and Appellee,

  v.

KATHLEEN Y. BESSETTE,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
         In and For the County of Missoula, Cause No. DC-2007-351
         Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

       Jim Wheelis, Chief Appellate Defender; Koan Mercer, Assistant Appellate
       Defender, Helena, Montana

    For Appellee:

       Hon. Mike McGrath, Montana Attorney General; John Paulson, Assistant
       Attorney General, Helena, Montana

       Fred Van Valkenburg, Missoula County Attorney; Jennifer Clark, Deputy
       County Attorney, Missoula, Montana

           Submitted on Briefs: October 1, 2008

               Decided: October 16, 2008

Filed:

             Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Kathleen Bessette (Bessette) was charged with driving on a suspended license. She challenged the charge claiming that she was driving without a license because her license had expired. She moved to dismiss the "driving while suspended" charge. The Fourth Judicial District Court denied her motion. She appeals. We affirm.

## ISSUE

¶2 Did the District Court err in denying Bessette's motion to dismiss a "driving while suspended" charge where Bessette did not have a license or other privilege to drive at the time that she was alleged to be driving?

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Kathleen Bessette obtained a Montana driver's license in 1998 with a designated expiration date of April 7, 2006. In January 2001, the State suspended her license for six months, as authorized under § 61-5-208, MCA, after she was convicted of driving under the influence (DUI). At the conclusion of the six-month suspension, the State notified Bessette that her license would remain suspended until she paid the license reinstatement fee. Bessette did not pay the fee. In August 2005, the State purported to "suspend" her license again for failing to pay costs or appear in Justice Court on an unrelated matter. In November 2006, Bessette was ticketed for driving while her license was suspended.

¶4 Appearing in Missoula County Justice Court, she moved to dismiss the charge based on *City of Billings v. Gonzales*, 2006 MT 24, 331 Mont. 71, 128 P.3d 1014, arguing that she could not be convicted of driving on a suspended license because her license had expired in April 2006 and she did not have a license at the time of the charge.

2

The Justice Court denied her motion. Following the denial, she entered a conditional guilty plea and appealed to the Fourth Judicial District Court where she filed another motion to dismiss. The District Court denied her motion. She appeals.

**STANDARD OF REVIEW**

¶5     The grant or denial of a motion to dismiss in a criminal proceeding is a question of law which we review de novo to determine whether the district court's conclusion of law is correct. *State v. Walker*, 2008 MT 244, ¶ 9, 344 Mont. 477, ¶ 9, 188 P.3d 1069, ¶ 9 (citations omitted).

**DISCUSSION**

¶6     Relying on *Gonzales*, Bessette argues that she cannot be convicted of driving under a suspended license because at the time she was charged with the offense she had no valid license. She maintains that *Gonzales'* holding—"a person who does not have a privilege to drive . . . cannot be charged with driving while their privilege has been suspended or revoked under § 61-5-212, MCA"—mandates that the District Court should have granted her motion to dismiss. *Gonzales*, ¶ 15.

¶7     The State counters that *Gonzales* is distinguishable in that four of the five defendants in *Gonzales* had never had Montana driver's licenses and the other defendant had not had a license in Montana in over twenty years. Conversely, Bessette applied for and obtained a driver's license in 1998. Under § 61-2-107, MCA, her license was indefinitely suspended in 2001 to be reinstated upon payment of the reinstatement fee.

¶8     The District Court concluded that § 61-2-107, MCA, applied and that under this statute Bessette's license suspension continued indefinitely, even after the expiration date

3

imprinted on her license. As a result, she could be charged with and convicted of driving on a suspended license.

¶9 The "driving while suspended" statute in effect at the time of Bessette's offense, § 61-5-212, MCA (2005), provided in relevant part:

> (1) (a) A person commits the offense of driving a motor vehicle during a suspension or revocation period if the person drives:
>     (i) a motor vehicle on any public highway of this state at a time when the person's privilege to do so is suspended or revoked in this state or any other state; . . .

¶10 The statute relied upon by the State and the District Court, § 61-2-107(1), MCA (2005), provides: "[n]otwithstanding the provisions of any other law of the state, a driver's license that has been suspended or revoked under 61-5-205 or 61-8-402 must remain suspended or revoked until the driver has paid to the department a fee of $200 in addition to any other fines, forfeitures, and penalties assessed as a result of conviction for a violation of the traffic laws of the state."

¶11 While the State correctly identifies facts that distinguish *Gonzales* from the case before us, it fails to note the more significant legal distinction—the applicability and interpretation of § 61-2-107, MCA, was not before the Court in *Gonzales*. In other words, in *Gonzales* the City of Billings did not argue that the defendants had valid licenses that were suspended or revoked and remained that way under § 61-2-107, MCA. For this reason, both Bessette's and the State's reliance on *Gonzales* is misplaced.

¶12 We addressed the application of this statute in the context of a charge of "driving while suspended" in *State v. Cooney*, 284 Mont. 500, 945 P.2d 891 (1997). In December 1995, Cooney was arrested for DUI. His driving record revealed that he had been

4

convicted of three previous DUIs—October 1984, September 1986, and July 1989. In February 1996, he was charged with felony DUI, fourth offense, and misdemeanor driving with a suspended or revoked license. In April 1996, he moved to dismiss both charges on grounds of ex post facto application of the pertinent statutes. The District Court denied the motions and Cooney appealed. His argument relative to his felony dismissal is not relevant; however, his argument vis-à-vis his misdemeanor charge is apposite. *Cooney*, 284 Mont. at 502, 945 P.2d at 892.

¶13 Cooney argued that his misdemeanor charge of driving while suspended/revoked should have been dismissed based on the legislative change to § 61-2-107(1), MCA, that occurred between the 1987 statute and the 1989 statute. The 1987 version of the statute stated that a suspended or revoked license "may not be restored" until the driver paid the reinstatement fee and any other applicable fines and penalties. The 1989 statute stated that a suspended or revoked license "must remain suspended or revoked" until the driver paid the required fees, fines and penalties. Cooney argued that the 1989 version of the statute, as it applied to his 1989 DUI, was "more onerous." He expressly argued that under the 1987 statute, despite his failure to pay the required reinstatement fee, his license would have expired on its own terms by 1993. He opined that under the 1989 statute his license would remain revoked. While the Court resolved Cooney's claim on an ex post facto analysis, its language, nonetheless, is relevant to the case at bar.

> Furthermore, looking to the plain language of both the 1987 and 1989 versions of § 61-2-107(1), MCA, we conclude that the 1989 amendments to § 61-2-107(1), MCA (1987), merely clarified that a period of suspension or revocation continues until a defendant pays the required fee. Here, because Cooney had not paid this fee prior to December 16, 1995, the date of his

5

arrest, the revocation of his license was still in effect, and, therefore, he was properly charged with violating § 61-5-212, MCA (1995).

*Cooney*, 284 Mont. at 510, 945 P.2d at 897.

¶14 The circumstances in *Gonzales* dictated the holding of that case—absent a license or privilege to drive without a license, the State cannot convict a person for driving on a suspended or revoked license. However, under the unequivocal language of § 61-2-107(1), MCA, a valid driver's license that has been suspended or revoked "must remain suspended or revoked" until the driver pays the required fees, fines and penalties. This statute serves to allow the State to charge a driver with "driving while suspended or revoked" even after the license would have expired.

## CONCLUSION

¶15 For the foregoing reasons, we affirm the District Court.

/S/ PATRICIA COTTER

We concur:

/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ BRIAN MORRIS