DA 13-0102

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 288

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

CASEY CLINTON RIDGE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and For the County of Missoula, Cause No. DC-12-95
                      Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Joseph P. Howard, Attorney at Law, Great Falls, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
                Assistant Attorney General, Helena, Montana

                Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

                         Submitted on Briefs:  September 17, 2014
                                  Decided:  October 28, 2014

Filed:

                            _____
                                   Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Casey Ridge appeals from the District Court's order denying his motion to dismiss the charges against him. We affirm.

## BACKGROUND

¶2 In July 2008 the State charged Ridge with issuing a bad check, a felony. The District Court set a jury trial for May 4, 2009, but Ridge failed to appear. The State charged Ridge with bail jumping for failing to appear at the scheduled trial. In January 2010 Ridge entered a plea agreement and pled guilty to the bad check and bail jumping offenses. The plea agreement provided for two suspended sentences and restitution on the bad check offense. The District Court set sentencing for March 24, 2010. Ridge subsequently failed to keep appointments with the probation officer and failed to appear for sentencing.

¶3 Ridge was arrested in the state of Washington and returned to Montana. He appeared in District Court in January 2011. The State was prepared to honor the prior plea agreement, but announced that it was considering new charges of bail jumping for Ridge's failure to appear at the March 24, 2010 sentencing. The District Court released Ridge on bail and set a new sentencing date of March 2, 2011.

¶4 Ridge again failed to appear for scheduled appointments with the probation officer and failed to appear for the March 2, 2011 sentencing. Ridge was subsequently arrested. Thereafter the District Court conducted a series of proceedings involving several different lawyers for each side. The judge (at that time Judge McLean) was advised of

the status of new plea negotiations on October 5, 2011, and again on November 9, 2011. Finally on December 22, 2011, the District Court allowed the State to void the prior plea agreement because of Ridge's failure to appear for sentencing. Ridge apparently withdrew the guilty pleas and the District Court set separate jury trials on the 2009 bad check and the bail jumping charges.

¶5    On February 15, 2012, Ridge appeared in District Court and entered an open guilty plea, without the benefit of a new plea agreement, to the bad check and bail jumping charges. The District Court declined to adopt the State's recommendation for consecutive sentences of ten years with five suspended on each charge along with restitution of the full amount of the bad checks. Instead, the District Court followed the recommendation in the prior presentence investigation, sentencing Ridge to consecutive two-year suspended terms on both charges, and ordering restitution in a compromised amount in the bad check matter.

¶6    The State thereafter charged Ridge with two new offenses of bail jumping for failing to appear at the two sentencing proceedings in 2010 and 2011. The State also filed notice of its intent to seek increased punishment as a persistent felony offender. Ridge moved to dismiss the new charges on the ground that they, along with the notice of intent to seek increased punishment and the endorsement of the sentencing judge as a witness,[1] constituted vindictive prosecution. The State responded that in light of Ridge's conduct since the original bad check and bail jumping charges, the sentences he received

---

[1] Adding the sentencing judge as a witness precluded that judge from presiding over the cases involving the newly-filed charges.

3

were too lenient and did not hold Ridge accountable for his actions in repeatedly failing to appear for sentencing. Therefore, the State contended, additional charges for the subsequent conduct were warranted.

¶7 The District Court denied Ridge's motion to dismiss, finding that the facts did not fit within those of other cases in which charges were dismissed for vindictive prosecution. The District Court found that charging the subsequent bail jumping offenses, which had been discussed in prior plea negotiations, did not warrant application of a presumption of prosecutorial vindictiveness. Rather, the new charges fell within the exercise of prosecutorial discretion.[2]

¶8 On December 12, 2012, Ridge pled guilty to the new bail jumping charges without entering a plea agreement with the State, but reserved his right to appeal the vindictive prosecution issue. The District Court sentenced Ridge to five years with the Department of Corrections on the first bail jumping charge (with credit for time served) and to a consecutive ten years with the Department of Corrections with five years suspended on the second bail jumping charge. The District Court declined to sentence Ridge as a persistent felony offender.

**STANDARD OF REVIEW**

¶9 This Court reviews de novo a district court's decision on a motion to dismiss in a criminal case. *State v. Knowles*, 2010 MT 186, ¶ 23, 357 Mont. 272, 239 P.3d 129.

---

[2] Judge Larson initially denied Ridge's motion to dismiss. After Ridge's attorney made allegations of misconduct against Larson, he recused himself from the case and Judge Townsend accepted jurisdiction. At Ridge's request, she reconsidered the vindictive prosecution issue. She reviewed the record and entered a second order filed on August 22, 2012, denying Ridge's motion.

4

¶10 The issue on appeal is whether the District Court properly denied Ridge's motion to dismiss the charges against him because of vindictive prosecution.

¶11 Prosecutors have wide discretion to determine when a person should be charged with a crime. *State v. Mahoney*, 264 Mont. 89, 96, 870 P.2d 65, 70 (1994); *Knowles*, ¶ 36. The decision of whether or not to prosecute and what charge to file is "particularly ill-suited for judicial review." *Wayte v. United States*, 470 U.S. 598, 607, 105 S. Ct. 1524, 1530 (1985). "Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake." *Wayte*, 470 U.S. at 607, 105 S. Ct. at 1531. The prosecutor is entrusted to "determine the extent of the societal interest in prosecution" and an "initial decision should not freeze future conduct." *United States v. Goodwin*, 457 U.S. 368, 382, 102 S. Ct. 2485, 2493 (1982).

¶12 The imposition of punishment upon the person charged is the "very purpose" of most criminal proceedings and the presence of a "punitive motivation" on the part of the prosecutor is a justified and legitimate response to criminal conduct. *Goodwin*, 457 U.S. at 372-73, 102 S. Ct. at 2488. Despite the deference to prosecutorial discretion, courts have found improper prosecutorial vindictiveness in some cases. Actionable prosecutorial vindictiveness can arise when the state subjects a defendant to more serious charges arising from the same facts, in retaliation for the defendant's exercise of statutory or constitutional rights. *Knowles*, ¶ 31.

¶13     "A person convicted of an offense is entitled to pursue his statutory right to a trial *de novo*, without apprehension that the State will retaliate by substituting a more serious charge for the original one." *Blackledge v. Perry*, 417 U.S. 21, 28, 94 S. Ct. 2098, 2103 (1974) (prosecutor filed more serious charges arising from the same conduct when the defendant filed an appeal of his conviction); *Knowles,* ¶ 35  (when a mistrial occurred the prosecution filed more serious charges arising from the same conduct when the defendant refused to plead guilty).  If the court finds that the increased charges are the result of prosecutorial vindictiveness it can dismiss the charges based upon a violation of due process. *Knowles,* ¶ 37.

¶14     In some cases courts have recognized that actual proof of prosecutorial vindictive intent is difficult to produce, and that if the facts indicate a likelihood of vindictiveness, then it can be presumed.  *Knowles*, ¶ 31.   A presumption of vindictiveness is not appropriate in all cases, *Goodwin*, 457 U.S. at 381, 102 S. Ct. at 2492-93, and is not appropriate when the prosecutor has no personal stake in the defendant's decision. *Goodwin*, 457 U.S. at 383, 102 S. Ct. at 2494 (prosecutor has no stake in defendant's election for a bench trial and therefore no reason to act vindictively in response).

¶15     Ridge complains that the State's decision to charge him with additional offenses of bail jumping after he was sentenced for the original bad check and bail jumping charges was improperly vindictive.  He contends that the prosecutor retaliated against his decision to plead guilty to the original charges by filing the additional charges.  We conclude that Ridge failed to support his allegation of prosecutorial vindictiveness after plea

6

negotiations broke down and the District Court properly rejected Ridge's motion to dismiss the charges.

¶16 "Confronting a defendant with the risk of more severe punishment following the rejection of a plea bargain cannot form the basis for a claim of prosecutorial vindictiveness." *State v. Smith*, 280 Mont. 158, 165, 931 P.2d 1272, 1276 (1996); *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663 (1978). Allowing such a claim would contradict the premises that underlie the accepted practice of plea bargaining. *Smith*, 280 Mont. at 165, 931 P.2d at 1276. Here, Ridge and the State engaged in plea negotiations that apparently involved the potential of the State not filing the additional bail jumping charges if Ridge agreed to an increased sentence on the original bail jumping charge. These plea negotiations were not successful and Ridge entered new guilty pleas without successfully bargaining for a plea on the subsequent bail jumping offenses. While Ridge had the right to plead guilty he did not have the ability to compel the State to give him the benefit of a plea negotiation on the new charges that was never accepted by the State. When Ridge pled guilty to the original charges, he bore the risk that new bail jumping charges could be filed.

¶17 In most cases in which a court has found prosecutorial vindictiveness that violates due process, the prosecutor increases the severity of the charges arising from the same underlying conduct after the defendant exercised a right provided by law. *Blackledge*, 417 U.S. at 28, 94 S. Ct. at 2102; *Knowles*, ¶ 30. Here the additional charges brought against Ridge did not arise from the same conduct as the original charges (bad check and the 2009 bail jumping). Rather, the additional bail jumping charges arose from Ridge's

7

subsequent and separate conduct when he failed to appear for scheduled court proceedings in 2010 and 2011. Ridge does not contend that the additional charges were not justified by his conduct, and in fact he pled guilty to those charges. The charges were objectively justified by Ridge's conduct and his decisions to fail to appear for scheduled court proceedings.

¶18 Ridge entered an open plea agreement without the benefit of a plea bargain. It is clear that he was aware that new charges could be filed, as the State had announced during prior hearings. The later bail jumping charges were prompted not by Ridge's decision to plead guilty, but by the sentence imposed by the District Court, which the prosecutor believed failed to reflect the seriousness of Ridge's subsequent conduct. The State argues that the "societal interest in prosecution" in Ridge's case justified additional charges. *Goodwin*, 457 U.S. at 382, 102 S. Ct. at 2493. We have previously held that a prosecutor does not act with unfair vindictiveness by seeking a heavier sentence in response to repeated conduct that was met with lenient sentences. *State v. Roundstone*, 2011 MT 227, ¶ 41, 362 Mont. 74, 261 P.3d 1009.

¶19 Ridge had no entitlement to escape responsibility for his continued failure to comply with the law, and the prosecutor had a right and responsibility to exercise professional judgment as to what charges were warranted. There is no support for a finding of vindictive prosecution.

¶20 The District Court is affirmed.

/S/ MIKE McGRATH

8

/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE