FILED

January 5 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0467

DA 15-0467

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 3N

SHAWN GUYMON,

Petitioner and Appellant,

v.

EDWARD CORRIGAN,

Respondent and Appellee.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 12-1084C
Honorable Heidi Ulbricht, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Shawn Guymon, self-represented, Kalispell, Montana

For Appellee:

David W. Randall, Tara R. Fugina, Deputy County Attorneys, Kalispell, Montana

Submitted on Briefs:  December 9, 2015
Decided:  January 5, 2016

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Shawn Guymon appeals an order of the Eleventh Judicial District Court, Flathead County, dismissing with prejudice his petition for a writ of mandamus to compel Flathead County Attorney Edward Corrigan to investigate Guymon's allegations of criminal activity at his former workplace.

¶3 Guymon alleges that he worked as a delivery truck driver for High Country Linens from 2003 through 2006. Guymon alleges that he was severely injured during his employment due to a faulty exhaust system in one of the delivery trucks. Guymon claims that his former manager was criminally negligent in maintaining the delivery truck. Guymon alleges that he contacted various law enforcement agencies and the Flathead County Attorney's Office, and requested an investigation into his criminal complaint against his former manager. Corrigan declined to investigate the matter.

¶4 On September 19, 2012, Guymon filed a Petition for Writ of Mandamus asking the District Court to compel the County Attorney's Office to investigate the alleged criminal activity. Guymon served Corrigan with a summons on May 18, 2015. On

2

May 29, 2015, Corrigan filed a Motion to Dismiss with Prejudice. The District Court granted Corrigan's motion on July 2, 2015. Guymon appeals.

¶5 We review de novo a district court's decision on a motion to dismiss. *Hartsoe v. McNeil*, 2012 MT 221, ¶ 4, 366 Mont. 335, 286 P.3d 1211 (citation omitted). A district court's ruling on a petition for writ of mandamus is a legal conclusion that we review de novo. *Jefferson Cnty. v. Dep't of Envtl. Quality*, 2011 MT 265, ¶ 16, 362 Mont. 311, 264 P.3d 715 (citation omitted).

¶6 A district court may grant a writ of mandamus if the following two requirements are met: 1) the party applying for it is entitled to the performance of a clear legal duty by the party against whom the writ is sought, and 2) there is no speedy and adequate remedy in the ordinary course of law. Section 27-26-102, MCA; *Jefferson Cnty.*, ¶ 16. If the first requirement is not met—if no clear legal duty is established—the court is barred from issuing a writ. *Best v. Police Dep't of Billings*, 2000 MT 97, ¶ 14, 299 Mont. 247, 999 P.2d 334 (citing *Newman v. Wittmer*, 277 Mont. 1, 11-12, 917 P.2d 926, 932 (1996)).

¶7 Under § 27-26-102, MCA, "the clear legal duty must involve a ministerial act, not a discretionary act." *Smith v. Cnty. of Missoula*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834 (citation omitted). In *Smith*, we described the distinction between a discretionary and ministerial act:

> Where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial, but where the act to be done involves the exercise of discretion or judgment, it is not to be deemed merely ministerial.

3

*Smith*, ¶ 28 (citation omitted).

¶8 The District Court concluded that Corrigan's decision whether to investigate Guymon's claim was a discretionary act, not a ministerial duty. The court cited *State v. Ridge*, 2014 MT 288, 376 Mont. 534, 337 P.3d 80, to support its conclusion that "[p]rosecutors have wide discretion to determine when a person should be charged with a crime." *Ridge*, ¶ 11 (citations omitted). The court determined that Corrigan acted within the discretion entrusted to him as a prosecutor when he made the decision not to investigate Guymon's complaint, and as such Guymon's petition was "barred as matter of law."

¶9 Guymon argues that the District Court erred in allowing Corrigan "by judicial fiat" to "basically cancel[ ] the criminal act" by declining to investigate Guymon's claim. Guymon alleges that he continues to suffer from injuries and disorders stemming from the faulty exhaust system. Guymon contends that due to Corrigan's inaction, Guymon has been deprived of numerous constitutional rights including the right to dignity, the right to participate, and the right to know. Guymon argues that he "deserves a hearing of the facts and evidence claimed."

¶10 We conclude that the District Court did not err in dismissing Guymon's petition. Corrigan's decision not to investigate Guymon's claim was discretionary. The court noted, and it is well settled, that county attorneys have broad discretion to determine whether to prosecute an alleged offender and what offense to charge. *State v. Tichenor*,

2002 MT 311, ¶ 26, 313 Mont. 95, 60 P.3d 454 (citing *State ex rel. Fletcher v. Dist. Ct.*, 260 Mont. 410, 414-15, 859 P.2d 992, 995 (1993)). Corrigan's actions as a county attorney involve the exercise of discretion and judgment. As such, his decision not to investigate Guymon's criminal complaint is not ministerial because it is not a "duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Smith*, ¶ 28. The first requirement for a writ of mandamus—entitlement to the performance of a clear legal duty by the party against whom the writ is sought—is not met. The District Court correctly concluded that Guymon's petition for a writ of mandamus is barred.

¶11 Moreover, Guymon's contention that the District Court should have held "a hearing of the facts and evidence claimed" is contrary to a court's constitutional mandate:

> When they are acting lawfully and within their constitutional and statutory authority, the district court may not interfere in the prosecutorial functions of the Attorney General and the county attorney—the executive branch— without violating the separation of powers embodied in Article III, Section 1 of the Constitution of the State of Montana.

*Fletcher*, 260 Mont. at 418, 859 P.2d at 997. Therefore, the District Court correctly declined to interfere with Corrigan's prosecutorial functions as county attorney.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and

application of the law were correct. Its order dismissing Guymon's petition with prejudice is affirmed.

/S/ BETH BAKER

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA