DA 20-0291

FILED

12/22/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0291

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 321N

CITY OF RED LODGE,

      Plaintiff and Appellee,

  v.

EUGENE TIMOTHY RODMAN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                In and For the County of Carbon, Cause No. DC 20-01
                Honorable Matthew J. Wald, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

           Eugene Timothy Rodman, Self-Represented, Billings, Montana

        For Appellee:

           Timothy C. Fox, Montana Attorney General, Damon Martin, Assistant
           Attorney General, Helena, Montana

           Rebecca Narmore, Red Lodge City Attorney, Red Lodge, Montana

                      Submitted on Briefs:  November 18, 2020

                             Decided:  December 22, 2020

Filed:

                    _____
                                Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Eugene Timothy Rodman appeals from an order entered in the Twenty-Second Judicial District Court, Carbon County, affirming the Red Lodge City Court's December 18, 2019, judgment and sentence. We affirm.

¶3 In May 2019, Rodman was stopped by Captain Scott Cope for driving with a suspended license. During the traffic stop, Rodman was unable to produce a valid driver's license, proof of liability insurance, or a Montana registration for his vehicle. Captain Cope cited Rodman for three violations: (1) driving with a suspended license pursuant to § 61-5-212, MCA; (2) failure to provide proof of compliance with insurance pursuant to § 61-6-302, MCA; and (3) resident operating with a foreign license and registration pursuant to § 61-3-302, MCA.

¶4 Rodman mailed the citation to the Red Lodge Police Department with "VOID" written on it and asserted that he was "rescinding the citation under Montana contract law." On June 20, 2019, at his initial appearance before the Red Lodge City Court, Rodman was placed in custody with the Carbon County Sheriff's Department due to his failure to cooperate when Judge He Does It asked him if he understood his rights. Rodman posted the $1,500 bond and reappeared in City Court on July 18, 2019. The

2

City Court entered Rodman's plea of not guilty and appointed him a public defender. When asked to provide a valid address, Rodman was unable to provide a physical address—stating he "was not a U.S. citizen"—and instead, informed the City Court that he slept in his car or at a friend's residence in Bozeman. The Office of the Public Defender rescinded its appointment after Rodman failed to complete the necessary forms for appointment of counsel. Continuing pro se, Rodman failed to appear for his October 2019 hearing. Rodman filed a *quo warranto* document challenging the City Court's authority. Subsequently, at his hearing in November 2019, Rodman argued that he never received the order setting the motion for the October 2019 hearing. The City Court reminded Rodman that he had previously confirmed his car and his friend's residence in Bozeman as his addresses, and advised him in person of the date of the hearing. Rodman filed a demand for a jury trial in September 2019. In his demand, Rodman also attempted to remove Judge He Does It from the proceeding, but his request was deemed untimely.

¶5 On December 3, 2019, the City filed a motion in limine to limit frivolous filings and also requested the City Court prohibit any discussion of the sovereign citizen movement.[1] Although Rodman denied being part of the movement, the City Court granted the motion in limine. On December 9, 2019, the City Court held a jury instruction hearing. Following the jury instruction hearing, the matter proceeded to trial.

---

[1] The District Court held it "[would] not turn Rodman's appeal into litigation over whether or not he subscribes to the beliefs of the sovereign citizen movement, as it would be a waste of time and judicial resources and not relevant . . . . The City's characterization of Rodman as a 'sovereign citizen' does not deny him his 'substantial rights' as this Court is not making any such determination in deciding the legal issues on appeal."

The jury found Rodman guilty of driving while suspended and of failing to provide proof of insurance compliance, but Rodman was found not guilty of failing to register his vehicle. At the sentencing hearing on December 18, 2019, the City Court sentenced Rodman to 180 days in jail, with all but 30 days suspended and imposed a fine of $1,317.02. Rodman appealed to the District Court, which affirmed the City Court. Rodman appeals.

¶6 "In an appeal from a justice court of record, the district court's review is confined to the record. The district court reviews the justice court's findings of fact to determine whether they meet the clearly erroneous standard, reviews discretionary rulings for abuse of discretion, and reviews legal conclusions to determine whether they are correct." *State v. Eystad*, 2017 MT 29, ¶ 10, 386 Mont. 291, 389 P.3d 1014 (citing §§ 3-5-303, 3-10-115, MCA). "Findings of fact are clearly erroneous if they are not based upon substantial evidence, if the court has misapprehended the effect of the evidence, or if our review convinces us that a mistake was made." *Eystad*, ¶ 10. "On an appeal of the district court's review of the justice court decision, this Court examines the record independently to determine whether the justice court's findings of fact meet the clearly erroneous standard, whether its discretionary rulings were an abuse of discretion, and whether its legal conclusions were correct." *Eystad*, ¶ 10. A trial court's ruling on a motion in limine is an evidentiary ruling; the trial court has broad discretion in determining whether evidence is relevant and admissible. *State v. Lozon*, 2012 MT 303, ¶ 9, 367 Mont. 424, 291 P.3d 1135. This Court will not disturb a court's determination on the admissibility of evidence absent an abuse of discretion. *Lozon*, ¶ 9 ("Abuse of

4

discretion occurs if a district court acts arbitrarily without conscientious judgment or exceeds the bounds of reason, resulting in substantial injustice.").

¶7 We discern four alleged errors on appeal. Rodman first asserts that the City Court erred in interpreting and applying §§ 61-6-301, -302, MCA. Rodman was charged with failing to provide valid proof of liability insurance as required by § 61-6-302, MCA. Section 61-6-302(2)(a), MCA, provides:

> *Each owner or operator of a motor vehicle* shall carry in the motor vehicle as proof of compliance with 61-6-301 either: (i) an insurance card approved by the department but issued by the insurance carrier to the motor vehicle owner; or (ii) an electronic device on which an electronic document issued by the insurance carrier showing proof of compliance with 61-6-301 may be displayed. (Emphasis Added.)

Section 61-6-302(2)(d), MCA, requires a person to carry an insurance card or an electronic device which contains an electronic document of the insurance. Further, a person is required "to exhibit the insurance card or display the electronic document on demand of a . . . justice of the peace, a city or municipal judge, a peace officer, a highway patrol officer, or a field deputy or inspector of the department."[2] Section 61-6-302(2)(d), (c), MCA. Rodman does not argue that he did not have insurance or proof of insurance; rather, he asserts that § 61-6-302, MCA, does not apply to him because his vehicle was registered in another state. Section 61-6-301(2), MCA, however, provides that "[i]t is unlawful for a person to operate a motor vehicle upon

---

[2] Rodman asserts that Montana Law Officers do not have the authority to demand proof of compliance pursuant to § 61-6-302, MCA, when the vehicle is not registered and operated in Montana. This argument is incorrect. Section 61-6-302, MCA, clearly states that peace officers, highway patrol officers, or a field deputy or inspector of the department has the authority to demand proof of insurance from every owner or operator of a motor vehicle.

ways of this state open to the public . . . without a valid policy of liability insurance in effect." We have previously discussed the application of § 61-6-301, MCA, to vehicles not registered in Montana, but which are *operated* in Montana. *See generally Horace Mann Ins. v. Hampton*, 235 Mont. 354, 357, 767 P.2d 343, 344 (Mont. 1989) ("The clear purpose of [§ 61-6-301] is to protect innocent members of the general public injured on the highways through the negligence of financially irresponsible motorists."). Section 61-6-301, MCA, is thus clear in that it requires vehicles operated in Montana to have proof of insurance. This Court, therefore, finds the District Court did not err in affirming the City Court's interpretation and application of §§ 61-6-301 and -302, MCA.

¶8 Rodman next asserts the City Court misinterpreted § 61-5-212, MCA, because he was not guilty of driving while suspended since he voluntarily cancelled his license. This Court has held "the State has a compelling interest in keeping unsafe drivers off the road, especially drivers whose privileges have been suspended . . . ." *City of Kalispell v. Omyer*, 2016 MT 63, ¶ 16, 383 Mont. 19, 368 P.3d 1165. "A person commits the offense of driving a motor vehicle . . . during a suspension or revocation period if the person drives: (i) a motor vehicle on any public highway of this state at a time when the person's privilege to drive or apply for and be issued a driver's license is suspended or revoked in this state . . . ." Section 61-5-212(1)(a)(i), MCA. This Court rejected the argument that § 61-5-212, MCA, does not apply if the driver did not have a valid license, i.e., either by expiration or voluntary revocation. *See State v. Bessette*, 2008 MT 346, ¶ 14, 346 Mont. 300, 195 P.3d 311 (holding that "under the unequivocal language of § 61-2-107(1), MCA, a valid driver's license that has been suspended or revoked

6

'must remain suspended or revoked' until the driver pays the required fees, fines and penalties," which "allow[s] the State to charge a driver with 'driving while suspended or revoked' even after the license would have expired."). Even if Rodman voluntarily revoked his license, it remained suspended until he paid the reinstatement fee. The District Court correctly affirmed the City Court's interpretation of § 61-5-212, MCA.

¶9 Third, Rodman asserts his due process rights were violated because the City Court failed to provide proper notice. The Constitution requires that notice be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *State v. Pyette*, 2007 MT 119, ¶ 21, 337 Mont. 265, 159 P.3d 232. "The requirements of a notice that meets due process are flexible and can be adapted to meet the procedural protections demanded by the specific situation." *Pyette*, ¶ 26. The record indicates the City Court took great measures to provide Rodman with notice, sending copies of the order for his initial hearing to both an address on Highway 212 and to a friend's residence in Bozeman. Additionally, the City Court reminded Rodman that he confirmed with the Court that he could receive mail through both addresses. Thus, Rodman's due process rights were not violated by the City Court in relation to the notice provided.

¶10 In addition to his claim regarding notice, Rodman asserts that his due process rights were violated because Judge He Does It did not recuse himself. The process to disqualify a judge is prescribed by § 3-1-805, MCA. To remove a judge for cause, the moving party "shall file an affidavit alleging facts showing personal bias or prejudice of the presiding judge . . . more than thirty (30) days before the date set for hearing or trial."

7

Section 3-1-805(1)(a), MCA. Here, Rodman failed to make specific claims questioning Judge He Does It's impartiality. Additionally, Rodman failed to file an affidavit within the thirty-day timeframe required by § 3-1-805(1)(a), MCA. Rodman failed to follow the statutory requirements for disqualifying a judge and cannot complain of a violation of his due process rights.

¶11 Finally, Rodman presents a claim for prosecutorial vindictiveness. Claims for prosecutorial vindictiveness "can arise when the state subjects a defendant to more serious charges arising from the same facts, in retaliation for the defendant's exercise of statutory or constitutional rights." *State v. Ridge*, 2014 MT 288, ¶ 12, 376 Mont. 534, 337 P.3d 80. Rodman asserts that the State filed its motion in limine with the intention of gaining an "unfair advantage" over Rodman. Rodman's claims are speculative, and he has not demonstrated actual prejudice or harm. The City Court held the motion in limine was filed to prevent duplicitous and unnecessary filings by Rodman; additionally, the City Court's decision to keep the sovereign citizen information away from the jury was to prevent any harm, prejudice, or confusion from denying Rodman a fair trial. Rodman has failed to show how the prosecutor's presenting a motion in limine to exclude information the City Court Judge found would possibly be prejudicial and confusing to the jury caused Rodman any harm or prejudice.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

8

¶13     Affirmed.


                                        /S/ LAURIE McKINNON


We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON